John H. Fabnham, J.
Causo of action arose in Albany County. At that time the defendant was and still is a resident of Cayuga County. At the time the action was commenced, it is alleged by the defendant that the plaintiff was a resident of the State of Massachusetts. The complaint is silent with reference to the residence allegations pertaining either to the plaintiff or the defendant; nor is any mention made in plaintiff’s counsels’ affidavits as to the residence of the plaintiff at the time of the commencement of the action.
The moving papers do not disclose that plaintiff denies that she was a resident of the State of Massachusetts when the action was commenced. Her sole claim as to residence is that she resided in Albany County when the cause of action arose and the complaint lays the venue in that county. Section 182 of the Civil Practice Act is very specific and the first paragraph thereof reads as follows: ‘ ‘ Place of trial at residence. An action in the supreme court not specified in the five following sections must be tried in the county in which one of the parties resided at the commencement thereof.” (Italics supplied.)
An exception of the “ five-following sections ” does not except a cause of action in negligence for personal injury. Without dispute, the defendant at the time of the commencement of this action resided in Cayuga County. The plaintiff does not allege at any point in any of the moving papers that she resided in Albany County when the action was commenced. Therefore, by reason of the provisions of section 182 of the Civil Practice Act, the motion must be granted.
The plaintiff also raises a point of procedure in her papers submitted on this motion. Buie 146 of the Buies of Civil Practice provides that a written demand for change of place of trial must be served with or before service of defendant’s answer and must specify the county where the defendant requires the action to be tried. The rule further states that if plaintiff fails to serve a written consent to the change as proposed by the defendant within 5 days after service of the demand, the defendant within 10 days thereafter may serve notice of motion to change the place of trial. The rule further states that if the plaintiff fails to serve upon the defendant, within 5 days after service of the demand, an affidavit which shall set forth facts showing either that the county which the defendant claims is the proper county, is not the proper one or that the county designated in the summons or complaint as the place of trial is the proper one, the defendant may, at his option, for purposes of such motion regard the county which he claims is the proper one as the county in which the action is *144 triable within the meaning of rule 63 of the Rules of Civil Practice, and he may accordingly make the motion in the judicial district embracing such county or in an adjoining county, as provided in said rule 63.
It appears that the plaintiff served her affidavit as required but defendant asks that it be treated as a nullity, for, unless it be so treated, this court does not have jurisdiction of this motion. (See Rules Civ. Prac., rule 63.) The affidavit which plaintiff served in compliance with rule 146 fails to set forth facts which would negate Cayuga County as the proper county, or why Albany County is the proper venue as provided by rule 146. The affidavits of plaintiff’s counsel state only that when the accident happened the plaintiff and her infant son resided in Albany County. There has been no attempt made in the moving papers to bring the plaintiff within the purview of section 182 of the Civil Practice Act. The court, therefore, regards the affidavits of plaintiff’s counsel as failing to comply with the provisions of rule 146 of the Civil Practice Act and determines under the provisions of the Civil Practice Act cited herein that the court has jurisdiction of this motion, the same having been brought in the county adjoining the county in which the court determines the action is triable.
Defendant’s motion to change the venue from Albany County to Cayuga County is granted, with $10’ costs. (Hicks & Goldman v. Hicks, 134 N. Y. S. 2d 803.)